IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 5:13CR50009-001 |
| | ) | |
| ALLEN FREDERICK WICHTENDAHL | ) | |

### PRELIMINARY ORDER OF FORFEITURE

On March 6, 2013, a Grand Jury sitting in the Western District of Arkansas returned a Superseding Indictment against the Defendant, **Allen Frederick Wichtendahl**, charging him with nineteen (19) counts of aiding and abetting another in mail fraud in violation of Title 18 U.S.C. § 1341 and Title 18 U.S.C. § 2; nineteen (19) counts of aiding and abetting another in wire fraud in violation of Title 18 U.S.C. § 1343 and Title 18 U.S.C. § 2; four counts of aiding and abetting another in securities fraud in violation of Title 15 U.S.C. §§ 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5 and Title 18 U.S.C. § 2; four counts of aiding and abetting another in the sale of unregistered security in violation of Title 15 U.S.C. §§ 77e(c) and 77x, and Title 18 U.S.C. § 2; three counts of aiding and abetting another in money laundering in violation of Title 18 U.S.C. §§ 1957(a) and (d) and Title 18 U.S.C. § 2; one count of aiding and abetting another in money laundering in violation of Title 18 U.S.C. § 1957(a) and (d) and (2) and Title 18 U.S.C. § 1956(i)(B); and a forfeiture allegation.

In the forfeiture allegation of the Superseding Indictment, the United States seeks forfeiture, pursuant to Title 18 U.S.C. § 982 and 28 U.S.C. § 2461, of property involved in or traceable to property involved in the offenses, including proceeds obtained directly or indirectly from the offenses.

Moreover, if any property subject to forfeiture, as a result of any act or omission by each defendant:

(1) Cannot be located upon the exercise of due diligence;

(2) Has been transferred or sold to, or deposited with a third party;

(3) Has been placed beyond the jurisdiction of the court;

(4) Has been substantially diminished in value; or

(5) Has been comingled with other property which cannot be subdivided without difficulty.

On October 17, 2013, the Defendant pleaded guilty to Counts 7, 32, and 34 of the Superseding Indictment. Pursuant to a Plea Agreement entered into by the parties, the Defendant agrees to forfeit all rights, title and interest pursuant to Title 18 U.S.C. §§ 981 and 982 and Title 28 U.S.C. § 1355, to $4,828.37 seized from the Bank of America Account No. ending in 62902 on or about May 1, 2012; $82,388.04 seized from the Bank of America Account No. ending in 19035 on or about May 1, 2012; $4,315.16 seized from Hancock Bank Account No. ending in 0-0095 on or about January 10, 2013; and, $1,484.08 seized from Hancock Bank Account No. ending in 0-0087 on or about January 10, 2013. The Defendant acknowledges that all property covered by the Plea Agreement is subject to forfeiture as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

Pursuant to the Plea Agreement, the Defendant consents to the immediate entry of a Preliminary Order of Forfeiture upon entry of the guilty plea. The Defendant further agrees that upon entry of the Preliminary Order of Forfeiture, such order will be considered final as to

defendant's interests in the property(ies). The Defendant agrees to immediately withdraw any claims to property(ies) seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es). The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

Pursuant to the Plea Agreement, the Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Pursuant to the Plea Agreement, the Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant also agrees that the forfeiture provisions of the Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this

agreement.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That based upon the guilty plea of the Defendant, the following assets shall be forfeited to the United States:

    A. $4,828.37 seized from the Bank of America Account No. ending in 62902 on or about May 1, 2012;

    B. $82,388.04 seized from the Bank of America Account No. ending in 19035 on or about May 1, 2012;

    C. $4,315.16 seized from Hancock Bank Account No. ending in 0-0095 on or about January 10, 2013; and,

    D. $1,484.08 seized from Hancock Bank Account No. ending in 0-0087 on or about January 10, 2013,

as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this Order and the Plea Agreement, to conduct any discovery the Court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of this order pursuant to Fed. R. Crim. P. 32.2(b)(6).

5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c), in which all interests will be addressed.

IT IS SO ORDERED this 17 day of October, 2013.

_____
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

_____
Allen Frederick Wichtendahl, Defendant

_____
Bruce S. Eddy, Counsel for Defendant

_____
Jamie L. Newburg, Counsel for Defendant

_____
Kyra Jenner, Assistant U.S. Attorney

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 17 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk